1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NEHEMIAH JEFF FISHER,

11          Plaintiff,                    No. CIV S-05-1145 LKK DAD P

12      vs.

13   DOCTOR RAUL MISCHIU, et al.,

14          Defendants.           <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights complaint seeking

17   relief under 42 U.S.C. § 1983.  Plaintiff filed his complaint in the United States District Court for

18   the Northern District of California on April 19, 2005.  Plaintiff's claims arose at California

19   Medical Facility, which is located within the Eastern District of California.  The case was

20   transferred to the Eastern District of California on June 9, 2005.  The proceeding was referred to

21   the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

22          Plaintiff has requested leave to proceed in forma pauperis.  Plaintiff's application

23   makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request for leave to

24   proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  <u>See</u>

26   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $7.98 will be assessed by this

1

order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

twenty percent of the preceding month's income credited to his trust account.  These payments

will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full.  See 28

U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or against an officer or employee of a governmental entity.  See 28

U.S.C. § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be

granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

complaint under this standard, the court accepts as true the allegations of the complaint and

construes the pleading in the light most favorable to the plaintiff.  Hospital Bldg. Co. v. Rex

Hosp. Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has sued the warden of California Medical Facility and five staff members.  Plaintiff alleges that defendants Dr. Raul Mischiu, Dr. Webber, and Psych Intern Smith did not follow proper procedures when plaintiff was suicidal on September 25, and September 26, 2003.  Plaintiff further alleges that he was denied proper mental health treatment throughout  2003 and 2004 and that he suffered injuries and mental stress due to the deliberate indifference of defendants Mischiu, Webber, and Smith.  Plaintiff seeks an investigation into his claims as well as ten million dollars.  Plaintiff's statement of claim does not allege any facts concerning defendants T. Jackson, a medical doctor; A. Swanson, a medical

1    doctor; and T. Schwartz, warden of California Medical Facility.  Plaintiff has not linked

2    defendants Jackson, Swanson, and Schwartz to the alleged denial of proper mental health

3    treatment and deliberate indifference.

4         Plaintiff's complaint appears to state cognizable claims for relief against

5    defendants Mischiu, Webber, and Smith pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

6    § 1915A(b).  If the allegations of the complaint are proven as to these defendants, plaintiff has a

7    reasonable opportunity to prevail on the merits of this action.  The court will authorize service of

8    the complaint on these three defendants.

9         Plaintiff's complaint includes a request for appointment of counsel.  The United

10   States Supreme Court has ruled that district courts lack authority to require counsel to represent

11   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

12   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

13   counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

14   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

15   court does not find the required exceptional circumstances.  Plaintiff's request for appointment of

16   counsel will therefore be denied.

17        In accordance with the above, IT IS HEREBY ORDERED that:

18        1.  The Clerk of the Court shall file and docket a copy of plaintiff's twenty-four

19   page complaint as a separate document with a filing date of June 9, 2005; the Northern District's

20   "FILED" stamp shall remain on the document, but the Northern District's case number shall be

21   deleted and this court's case number shall be affixed to the document.

22        2.  Plaintiff's application to proceed in forma pauperis is granted.

23        3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

24   Plaintiff is assessed an initial partial filing fee of $7.98.  All fees shall be collected and paid in

25   accordance with this court's order to the Director of the California Department of Corrections

26   filed concurrently herewith.

1        4. Plaintiff's request for appointment of counsel is denied.

2        5. Service of the complaint is appropriate for the following three defendants:

3 Doctor Raul Mischiu, Doctor Webber, and Psych Intern Smith.

4        6. The Clerk of the Court shall send plaintiff three USM-285 forms, one

5 summons, an instruction sheet, and a copy of the complaint filed in this court on June 9, 2005.

6        7. Within thirty days from the date of this order, plaintiff shall complete the

7 attached Notice of Submission of Documents and submit all of the following documents to the

8 court at the same time:

9        a. The completed Notice of Submission of Documents;

10        b. One completed summons;

11        c. One completed USM-285 form for each defendant listed in number 5

12        above; and

13        d. Four copies of the endorsed complaint filed in this court on June 9,

14        2005.

15        8. Plaintiff shall not attempt service of the complaint on any defendant or request

16 a waiver of service of summons from any defendant.  Upon receipt of the above-described

17 documents, the court will direct the United States Marshal to serve defendants Mischiu, Webber,

18 and Smith pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

19 DATED: July 21, 2005.

20

21 _____

DALE A. DROZD

22 UNITED STATES MAGISTRATE JUDGE

23 DAD:13
fish1145.1

24

25

26

5

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NEHEMIAH JEFF FISHER,

11              Plaintiff,              No. CIV S-05-1145 LKK DAD P

12        vs.

13   DOCTOR RAUL MISCHIU, et al.,       NOTICE OF SUBMISSION

14              Defendants.             OF DOCUMENTS

15   _____/

16            Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18            _____   one completed summons form;

19            _____   three completed USM-285 forms; and

20            _____   four true and exact copies of the complaint filed in this court on
                        June 9, 2005.

21

22   DATED: _____.

23

24                                      _____
                                        Plaintiff
25

26