IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEHEMIAH JEFF FISHER,

    Plaintiff,                      No. CIV S-05-1145 LKK DAD P

    vs.

DOCTOR RAUL MISCHIU, et al.,

    Defendants.                 <u>ORDER</u>

_____/

        Plaintiff's complaint has been served on two defendants, who filed their answer on December 9, 2005. The United States Marshal was unable to effect service on defendant Psych Intern Smith because the CDC was unable to locate the defendant. On October 25, 2005, plaintiff was granted sixty days to locate defendant Smith and submit new documents for service. Plaintiff was advised to act with diligence and was cautioned that, if service of a complaint is not effected on a defendant within 120 days after the filing of the complaint, the court is required to dismiss the claims against the unserved defendant unless the plaintiff shows good cause for failing to provide the necessary information. Plaintiff failed to respond to the October 25, 2005 order in any way. On January 11, 2006, the undersigned recommended that the claims against defendant Smith be dismissed without prejudice. Plaintiff has filed objections to the findings and recommendations.

1      Plaintiff's objections do not include a proof of service.  By order filed January 13,
2  2006, plaintiff was reminded that every document he submits to the court for consideration must
3  be served on counsel for defendants Mischiu and Webber.  Plaintiff was also reminded that every
4  document he submits to the court must include a properly completed proof of service.  Plaintiff
5  was first advised of the service requirements in the case opening documents sent to plaintiff by
6  the court on June 9, 2005.  In addition, plaintiff was provided with a copy of the Local Rules on
7  August 18, 2005.  By order filed January 13, 2006, plaintiff was granted fifteen days from the
8  date of that order to serve his notice of change of address on defendants' counsel and to file a
9  properly completed proof of service.[1]  Plaintiff was cautioned that any subsequent failure to
10 include a properly completed proof of service with a document submitted for filing may result in
11 the imposition of sanctions.  Plaintiff has now filed a second document that does not include a
12 proof of service.  A subsequent failure to include a properly completed proof of service with a
13 document submitted for filing may result in a recommendation that this case be dismissed for
14 repeated failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice,
15 and court orders.  See Local Rule 11-110.
16     In his objections, plaintiff asserts that he was unable to comply with the October
17 25, 2005 order because he was in Atascadero State Hospital during the sixty days that followed
18 and "was not in the state of mind to complete any paperwork."  Plaintiff asks the court to "reissue
19 the order and paperwork."  Plaintiff offers no explanation for his failure to request an extension
20 of time before the sixty-day period ended.  Plaintiff does not state that he has a new address for
21 defendant Smith or that he has taken any steps to locate the defendant.  In light of plaintiff's
22 failure to show good cause and as a sanction for his failure to include a proof of service, the
23 objections will be disregarded.  Plaintiff will be granted twenty days to file new objections in

---

[1] The court's docket as of February 6, 2006, does not reflect that plaintiff has filed the proof of service due fifteen days after January 13, 2006.  Sanctions will be imposed if plaintiff does not file the required proof of service.

which he explains his failure to seek an extension of time to comply with the court's order and states whether he has a new address for defendant Smith. If plaintiff does not have a new address for defendant Smith, he must describe all efforts he has made to locate defendant Smith and all steps he plans to take. The objections must include a properly completed proof of service.

The October 25, 2005 order will not be re-issued, and the pending findings and recommendations will not be vacated at this time. If plaintiff's new objections demonstrate diligence and good cause, the undersigned will vacate the findings and recommendations and grant plaintiff a reasonable amount of time to provide the documents required for service of defendant Smith.

IT IS ORDERED that:

1. Plaintiff's objections filed February 6, 2006, without a proof of service will be disregarded; and

2. Plaintiff is granted twenty days from the date of this order to file and serve objections to the court's January 11, 2006 findings and recommendations; plaintiff's failure to include a properly completed proof of service with any subsequently filed document may result in a recommendation that this case be dismissed for repeated failures to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice, and court orders.

DATED: February 9, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
fish1145.35second

3